LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF REGINALD
DAMONE PAYNE, HARRIETT JEFFERSON, AND
RUFUS JEFFERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REGINALD RAFE NICHOLAS PAYNE, individually and as Successor-In-Interest to THE ESTATE OF REGINALD DAMONE PAYNE; HARRIETT JEFFERSON; and RUFUS JEFFERSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO; D. MOWER; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process—(42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br>7. False Arrest/False Imprisonment<br>8. Battery (Wrongful Death)<br>9. Negligence (Wrongful Death)<br>10. Violation of Bane Act (Cal. Civil Code § 52.1)<br>11. Violation of Ralph Act (Cal. Civil Code § 52.7)<br>12. Violation of Unruh Civil Rights Act (Cal. Civil Code §§ 51. 52) |

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13. Negligent Inflication of Emotional Distress

**DEMAND FOR JURY TRIAL**

<u>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**</u>

1.       Plaintiffs REGINALD RAFE NICHOLAS PAYNE, individually and as Successor-In-Interest to THE ESTATE OF REGINALD DAMONE PAYNE, HARRIETT JEFFERSON, and RUFUS JEFFERSON, for their complaint against Defendants CITY OF SACRAMENTO, D. MOWER, DOES 1-20, inclusive, allege as follows:

<u>**INTRODUCTION**</u>

2.       This civil rights action seeks compensatory and punitive damages and injunctive relief against Defendants for violating various rights under the United States Constitution and state law in connection with the death of the DECEDENT Reginald Damone Payne.

<u>**JURISDICTION**</u>

3.       This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367. This Court is empowered to grant injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65. Plaintiffs' claim for attorneys' fees is authorized by 42 U.S.C. §1988.

4.       All administrative remedies have been exhausted. In compliance with California Government Code § 910 *et seq.*, PLAINTIFFS REGINALD RAFE NICHOLAS PAYNE, HARRIETT JEFFERSON and RUFUS JEFFERSON have filed administrative claims for damages under the California Tort Claims Act with the CITY OF SACRAMENTO, which denied these claims in writing on or about November 20, 2020.

5.       The events giving rise to the claims alleged in this Complaint arose in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  the County of Sacramento, California. Venue therefore lies in the United States

2  District Court for the Eastern District of California, Sacramento Division, pursuant

3  to 28 U.S.C. § 84(a) and 28 U.S.C. § 1391(b)(2).

4  **THE PARTIES**

5  6.  At all relevant times, Reginald Damone Payne ("DECEDENT") was an

6  individual residing in the County of Sacramento, California.

7  7.  Plaintiff REGINALD RAFE NICHOLAS PAYNE is the surviving

8  natural child of the DECEDENT and brings these claims in his individual capacity as

9  well as on behalf of the ESTATE OF REGINALD DAMONE PAYNE in his capacity

10  as successor-in-interest to DECEDENT. REGINALD RAFE NICHOLAS PAYNE is a

11  resident of the State of California and commences this action pursuant to the

12  California Code of Civil Procedure §§377.30, 377.60, and federal civil rights law.

13  REGINALD RAFE NICHOLAS PAYNE seeks both survival and wrongful death

14  damages under federal and state law.

15  8.  Plaintiff HARRIET JEFFERSON is the surviving mother of

16  DECEDENT and brings these claims in her individual capacity. HARRIET

17  JEFFERSON is a resident of the County of Sacramento, State of California, and

18  seeks wrongful death damages under federal and state law.

19  9.  Plaintiff RUFUS JEFFERSON is the surviving father of DECEDENT

20  and brings these claims in his individual capacity. RUFUS JEFFERSON is a

21  resident of the County of Sacramento, State of California, and seeks wrongful death

22  damages under federal and state law.

23  10.  Defendant CITY OF SACRAMENTO ("CITY") is and was a duly

24  organized public entity, form unknown, existing under the laws of the State of

25  California. At all relevant times, CITY was the employer of Defendants D. MOWER

26  and DOES 1-10, who were CITY police officers, fire fighters, paramedics and/or

27  emergency medical technicians. At all relevant times, CITY was the employer of

28  Defendants DOES 11-20, who were supervisorial officers, and/or managerial,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    supervisorial, and policymaking employees of the Sacramento Police Department, the

2    Sacramento Police Department, the Emergency Medical Services Division of the

3    Sacramento Fire Department and/or the CITY.

4          11.     Defendants D. MOWER and DOES 1-20 were, at all relevant times, duly

5    authorized employees and agents of CITY who were acting under color of law within

6    the course and scope of their respective duties and with the complete authority and

7    ratification of their principal, Defendant CITY.

8          12.     Defendants D. MOWER and DOES 1-20 were, at all relevant times, duly

9    authorized employees and agents of CITY subject to oversight and supervision by

10    CITY's elected and nonelected officials.

11          13.     In doing the acts and failing and omitting to act as hereinafter

12    described, Defendants D. MOWER and DOES 1-20 were acting on the implied and

13    actual permission and consent of CITY.

14          14.     At all times mentioned herein, each and every Defendant employee or

15    agent of the CITY was the agent of each and every other Defendant employee or

16    agent of the CITY, and had the legal duty to oversee and supervise the hiring,

17    conduct and employment of each and every Defendant employee or agent of the

18    CITY.

19          15.     The true names, capacities, or involvement, whether individual,

20    corporate, governmental, or associate of the Defendants named herein as DOE, are

21    unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.

22    Plaintiffs pray leave to amend this complaint to show their true names and

23    capacities, when the same have been finally determined

24                             **FACTUAL ALLEGATIONS**

25          16.     On the evening of February 25, 2020, HARRIET JEFFERSON called

26    911 to request emergency medical services for her son, the DECEDENT, a diabetic in

27    medical distress due to low blood sugar. Defendant CITY dispatched approximately

28    five employees of the Sacramento Fire Department and/or its Emergency Medical

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Services Division to HARRIET JEFFERSON's residence at 5330 25th Street in

2  Sacramento, California.

3        17.    Upon arriving at the scene, rather than provide care or treatment to

4  DECEDENT, said employees and agents of Defendant CITY requested the assistance

5  of the Sacramento Police Department, which dispatched a single police officer. This

6  officer did not enter the residence upon arrival, but rather requested backup and

7  waited more than five minutes for another two CITY police officers, including

8  Defendant D. MOWER, to arrive. The officers confirmed that there was no suspicion

9  of a crime.

10       18.    The three CITY police officers entered the residence and briefly spoke

11  with HARRIET JEFFERSON and RUFUS JEFFERSON. The officers then walked

12  into a back room of the residence, where DECEDENT was sitting on a couch

13  conscious but in an apparent state of mental incapacity. Approximately 30-40

14  seconds after the officers entered the room, DECEDENT slid off the couch and onto

15  the ground. The police officers then used force to restrain him on the floor in the

16  prone position. Defendant Officer D. MOWER applied handcuffs while another officer

17  tied DECEDENT'S ankles together.

18       19.    At no time herein was DECEDENT a direct threat to any employee or

19  agent of the CITY. At no time herein was DECEDENT physically aggressive towards

20  the officers, nor did DECEDENT stand from his seated position or advance towards

21  the officers.

22       20.    All three officers continued to hold DECEDENT face down on the floor

23  for several minutes as DECEDENT sobbed. During this time, DECEDENT was still

24  conscious and perceived the restraint on his liberty. Even so, DECEDENT did not act

25  combatively towards the officers while they restrained him, and did not resist. As the

26  Emergency Medical Services personnel watched, the officers kept DECEDENT in the

27  prone position despite the known potential for respiratory arrest and death from

28  asphyxia or aspiration.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

21.     Shortly afterward, DECEDENT exhibited an acute change in his medical presentation. That is, he stopped moving altogether and was unconscious and unresponsive. Still, the officers forcefully held him to the ground in the prone position. Despite the presence of Emergency Medical Services personnel, there was no effort to adequately assess and understand DECEDENT's changed presentation. There were no attempts at resuscitation.

22.     After several more minutes with DECEDENT unconscious and unresponsive, in the prone position, DECEDENT was lifted onto a gurney and further physically restrained.

23.     DECEDENT never regained consciousness. He was transported via ambulance to Sutter Medical Center, where he was officially pronounced dead on March 3, 2020. The immediate cause of death on the death certificate is "acute respiratory failure."

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(Against Defendants D. Mower and Does 1-10)**

24.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

25.     Defendants D. MOWER and DOES 1-10 caused DECEDENT to be detained, and they attempted to arrest DECEDENT in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.     Despite the time they had to reflect, Defendants D. MOWER and DOES 1-10, acting under color of law and exercising their power as government actors, subjected Plaintiffs to their arbitrary and wrongful conduct as set out above, which conduct (a) was a substantial departure from professional judgment, and (b) was with deliberate disregard of what they knew was a high risk of death or serious personal

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    injury. The conduct of Defendants D. MOWER and DOES 1-10 shocks the conscience.

2        27.    As a result of the conduct of D. MOWER and DOES 1-10, they are liable

3    for DECEDENT's injuries because they were integral participants to the violations of

4    DECEDENT's rights. The DECEDENT was detained without reasonable suspicion as

5    said Defendants attempted to arrest DECEDENT without probable cause.

6        28.    The conduct of D. MOWER and DOES 1-10 was willful, wanton,

7    malicious, and done with reckless disregard for the rights and safety of DECEDENT

8    and therefore warrants the imposition of exemplary and punitive damages as to D.

9    MOWER and DOES 1-10.

10       29.    Accordingly, Defendants D. MOWER and DOES 1-10 are each liable to

11   Plaintiffs for compensatory and punitive damages, including both survival damages

12   and wrongful death damages, under 42 U.S.C. § 1983.

13       30.    Plaintiffs also seek attorney fees under this claim.

14   **SECOND CAUSE OF ACTION**

15   **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

16   **(Against Defendants D. Mower and Does 1-10)**

17       31.    Plaintiffs repeat and reallege each and every prior paragraph of this

18   Complaint with the same force and effect as if fully set forth herein.

19       32.    The conduct of Defendants D. MOWER and DOES 1-10 deprived

20   DECEDENT of his right to be secure in his persons against unreasonable searches

21   and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

22   United States Constitution and applied to state actors by the Fourteenth

23   Amendment.

24       33.    The unreasonable use of force by Defendants D. MOWER and DOES 1-

25   10 deprived the DECEDENT of his right to be secure in his person against

26   unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

27   Amendment to the United States Constitution and applied to state actors by the

28   Fourteenth Amendment.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

34.     As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

35.     The conduct of Defendants D. MOWER and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants D. MOWER and DOES 1-10.

36.     Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights.

37.     Plaintiffs also seek attorney fees under this claim.

## THIRD CAUSE OF ACTION

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants D. Mower and Does 1-10)**

38.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

39.     The denial of medical care by Defendants D. MOWER and DOES 1-10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

41.     Defendants D. MOWER and DOES 1-10 knew that failure to provide

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  timely medical treatment to DECEDENT could result in further significant injury or

2  the unnecessary and wanton infliction of pain, but disregarded that serious medical

3  need, causing DECEDENT great bodily harm and death.

4       42.    The conduct of Defendants D. MOWER and DOES 1-10 was willful,

5  wanton, malicious, and done with reckless disregard for the rights and safety of

6  DECEDENT and therefore warrants the imposition of exemplary and punitive

7  damages as to Defendants D. MOWER and DOES 1-10.

8       43.    Plaintiffs seek both survival and wrongful death damages for the

9  violation of DECEDENT's rights.

10       44.    Plaintiffs also seek attorney fees under this claim.

11  **FOURTH CAUSE OF ACTION**

12  **Substantive Due Process—(42 U.S.C. § 1983)**

13  **(Against Defendants D. Mower and Does 1-10)**

14       45.    Plaintiffs repeat and reallege each and every prior paragraph of this

15  Complaint with the same force and effect as if fully set forth herein.

16       46.    REGINALD RAFE NICHOLAS PAYNE had a cognizable interest under

17  the Due Process Clause of the Fourteenth Amendment of the United States

18  Constitution to be free from state actions that deprive him of life, liberty, or property

19  in such a manner as to shock the conscience, including but not limited to,

20  unwarranted state interference in Plaintiff's familial relationship with his father,

21  DECEDENT.

22       47.    HARRIET JEFFERSON had a cognizable interest under the Due

23  Process Clause of the Fourteenth Amendment of the United States Constitution to be

24  free from state actions that deprive him of life, liberty, or property in such a manner

25  as to shock the conscience, including but not limited to, unwarranted state

26  interference in Plaintiff's familial relationship with her son, DECEDENT.

27       48.    RUFUS JEFFERSON had a cognizable interest under the Due Process

28  Clause of the Fourteenth Amendment of the United States Constitution to be free

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

49. As a result of the excessive force and other conduct by Defendants D. MOWER and DOES 1-10 complained of herein, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

50. D. MOWER and DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of REGINALD RAFE NICHOLAS PAYNE, HARRIET JEFFERSON and RUFUS JEFFERSON to be free from unwarranted interference with their familial relationship with DECEDENT.

51. The aforementioned actions of D. MOWER and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs REGINALD RAFE NICHOLAS PAYNE, HARRIET JEFFERSON and RUFUS JEFFERSON with purpose to harm unrelated to any legitimate law enforcement objective.

52. Defendants D. MOWER and DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

53. As a direct and proximate cause of the acts of D. MOWER and DOES 1-20, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

54. As a result of the conduct of D. MOWER and DOES 1-10, said Defendants they are liable for DECEDENT'S injuries because they were integral participants in the denial of due process.

55. The conduct of Defendants D. MOWER and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DECEDENT and therefore warrants the imposition of exemplary and punitive

2  damages as to Defendants D. MOWER and DOES 1-10.

3      56.   Plaintiffs seek both survival and wrongful death damages for the

4  violation of DECEDENT's rights.

5      57.   Plaintiffs also seek attorney fees under this claim.

6                          **FIFTH CAUSE OF ACTION**

7  **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

8                  **(Against Defendants City and DOES 11-20)**

9      58.   Plaintiffs repeat and reallege each and every prior paragraph of this

10  Complaint with the same force and effect as if fully set forth herein.

11     59.   On and for some time prior to February 25, 2020 (and continuing to the

12  present date) Defendants DOES 11-20, deprived Plaintiffs and DECEDENT of the

13  rights and liberties secured to them by the Fourth and Fourteenth Amendments to

14  the United States Constitution, in that said Defendants and their supervising and

15  managerial employees, agents, and representatives, acting with gross negligence and

16  with reckless and deliberate indifference to the rights and liberties of the public in

17  general, and of Plaintiffs and DECEDENT, and of persons in their class, situation

18  and comparable position in particular, knowingly maintained, enforced and applied

19  an official recognized custom, policy, and practice of:

20          a.   Employing and retaining as police officers and other personnel,

21  including Defendants D. MOWER and DOES 1-10, whom Defendants DOES 11-20,

22  at all times material herein knew or reasonably should have known had dangerous

23  propensities for abusing their authority, for mistreating citizens, for racial

24  discrimination, for use of excessive force, and for being reckless and careless in the

25  provision of medical aid;

26          b.   Of inadequately supervising, training, controlling, assigning, and

27  disciplining CITY police officers and other personnel who Defendant CITY knew or in

28  the exercise of reasonable care should have known had the aforementioned

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11

propensities and character traits;

        c.      By failing to adequately train personnel, including D. MOWER and DOES 1-10, and failing to institute appropriate policies regarding restraints and the use of excessive force;

        d.      By failing to adequately train personnel, including D. MOWER and DOES 1-10, and failing to institute appropriate policies regarding the rendering of medical aid in emergencies;

        e.      By failing to adequately train personnel, including D. MOWER and DOES 1-10, and failing to institute appropriate policies regarding racial discrimination; and

        f.      By having and maintaining an unconstitutional policy, custom, and practice of using excessive force and improper restraint, which also is demonstrated by inadequate training regarding these subjects.

60.     These policies, customs, and practices of CITY and DOES 11-20 were done with a deliberate indifference to individuals' safety and rights.

61.     By reason of the aforementioned policies and practices of Defendants CITY and DOES 11-20, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

62.     Defendants DOES 11-20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

63.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 11-20, acted with an intentional,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and

2   Plaintiffs' constitutional rights. Defendants DOES 11-20, each of their actions were

3   willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

4   unconscionable to any person of normal sensibilities.

5       64.     Furthermore, the policies, practices, and customs implemented and

6   maintained and still tolerated by Defendants DOES 11-20, were affirmatively linked

7   to and were a significantly influential force behind the injuries of DECEDENT and

8   Plaintiffs.

9       65.     The unconstitutional actions and/or omissions of Defendants D.

10  MOWER and DOES 1-10 were pursuant to and a result of the patterns, customs,

11  policies, practices, and/or procedures of the Defendant CITY, which were directed,

12  encouraged, allowed, and/or ratified by policy making officers for the CITY including,

13  but not limited to, DOES 11-20. Such patterns, customs, policies, practices, and/or

14  procedures, including but not limited to, failing to institute and require proper and

15  adequate training and supervision policies for responding to a person suffering a

16  medical emergency who needs to be restrained in order to administer medical aid,

17  thereby increasing the chance of deadly consequences in violation of the United

18  States Constitution.

19      66.     Defendant CITY directed, encouraged, and allowed these customs,

20  policies, practices, and/or procedures with deliberate indifference to the fundamental

21  rights individuals have, including Plaintiffs, and despite the high likelihood that

22  someone would be killed as a result.

23      67.     By reason of the aforementioned acts and omissions of Defendants

24  DOES 11-20, Plaintiffs have suffered loss of love, companionship, affection, comfort,

25  care, society, and future support.

26      68.     Accordingly, Defendants DOES 11-20, each are liable to Plaintiffs for

27  compensatory damages under 42 U.S.C. § 1983.

28      69.     Plaintiffs seek wrongful death and survival damages under this claim.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

70.     Plaintiffs also seek attorney fees under this claim.

**SIXTH CAUSE OF ACTION**

**Municipal Liability— Failure to Train (42 U.S.C. § 1983)**

**(Against Defendants CITY and DOES 11-20)**

71.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

72.     While acting under the color of state law and within the course and scope of their employment as police officers, fire fighters, paramedics and emergency service technicians for the CITY, D. MOWER and DOES 1-10 deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from excessive force and unreasonable search and seizure.

73.     The training policies of the defendant CITY were not adequate to train its personnel, including but not limited to, D. MOWER and DOES 1-10. As a result, CITY personnel, including D. MOWER and DOES 1-10, are not able to handle the usual and recurring situations with which they must deal, including rendering medical aid in emergencies and safely restraining persons in medical emergencies. These inadequate training policies existed prior to the date of this incident and continue to this day.

74.     Defendant CITY was deliberately indifferent to the known or obvious consequences of its failure to adequately train its personnel, including D. MOWER and DOES 1-10.

75.     The failure of the Defendant CITY to provide adequate training with regards to restraints and the rendering of emergency medical aid caused the deprivation of the Plaintiff's rights by D. MOWER and DOES 1-10. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

76.     By failing to provide adequate training to CITY's personnel, including

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    D. MOWER and DOES 1-10, Defendants DOES 11-20, acted with an intentional,

2    reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and

3    Plaintiffs' constitutional rights. Defendants DOES 11-20, each of their actions were

4    willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

5    unconscionable to any person of normal sensibilities.

6          77.    By reason of the aforementioned acts and omissions of Defendants

7    DOES 11-20, Plaintiffs have suffered loss of love, companionship, affection, comfort,

8    care, society, and future support.

9          78.    Accordingly, Defendants DOES 11-20, each are liable to Plaintiffs for

10   compensatory damages under 42 U.S.C. § 1983.

11         79.    Plaintiffs seek wrongful death and survival damages under this claim.

12         80.    Plaintiffs also seek attorney fees under this claim.

13                        **SEVENTH CAUSE OF ACTION**

14   **False Arrest/False Imprisonment (Cal. Govt. Code § 820 and Common Law)**

15            **(Against Defendants D. MOWER, DOES 1-10 and CITY)**

16         81.    Plaintiffs repeat and reallege each and every prior paragraph of this

17   Complaint with the same force and effect as if fully set forth herein.

18         82.    Defendants D. MOWER and DOES 1-10, while working as police

19   officers, fire fighters, paramedics and/or emergency medical technicians for CITY,

20   and acting within the course and scope of their duties, intentionally deprived

21   DECEDENT of his freedom of movement by use of force, threats of force and

22   unreasonable duress. Defendants D. MOWER and DOES 1-10 unreasonably detained

23   DECEDENT in the prone position despite the known potential for respiratory arrest

24   and death from asphyxia or aspiration. Defendants D. MOWER and DOES 1-10 also

25   detained DECEDENT without reasonable suspicion. There was an attempt by D.

26   MOWER and DOES 1-10 to arrest DECEDENT without probable cause and, in fact,

27   without even suspicion of a crime.

28         83.    DECEDENT did not knowingly or voluntarily consent to his detention

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

or attempted arrest. On information and belief DECEDENT did not feel that he was free to leave as he lay dying on the ground. Defendants D. MOWER and DOES 1-10 deprived DECEDENT, who was unarmed, of his liberty without justification. Further, Defendants D. MOWER and DOES 1-10 did not have probable cause to believe that DECEDENT, specifically, had committed any crime.

84.   The conduct against DECEDENT by Defendants D. MOWER and DOES 1-10 was a substantial factor in causing the harm of DECEDENT, namely his death.

85.   CITY is vicariously liable for the wrongful acts of Defendants D. MOWER and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.   The conduct of Defendants D. MOWER and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

87.   Plaintiffs are seeking both survival and wrongful death damages under this claim.

## EIGHTH CAUSE OF ACTION

### Battery (Cal. Govt. Code § 820 and Common Law)
### (Against Defendants D. MOWER, DOES 1-10 and CITY)

88.   Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

89.   Defendants D. MOWER and DOES 1-10, while working as police officers, fire fighters, paramedics and/or emergency medical technicians for CITY, and acting within the course and scope of their duties, intentionally touched DECEDENT and caused DECEDENT to be touched with the intent to harm or offend him, and to deprive DECEDENT of his freedom of movement by use of force, threats of force and unreasonable duress. Defendants D. MOWER and DOES 1-10

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   unreasonably detained DECEDENT in the prone position despite the known

2   potential for respiratory arrest and death from asphyxia or aspiration. Defendants D.

3   MOWER and DOES 1-10 also detained DECEDENT without reasonable suspicion.

4   There was an attempt by D. MOWER and DOES 1-10 to arrest DECEDENT without

5   probable cause and, in fact, without even suspicion of a crime.

6       90.    DECEDENT did not knowingly or voluntarily consent to his touching,

7   detention or attempted arrest.

8       91.    As a direct and proximate result of Defendants' conduct as alleged

9   above, Plaintiffs suffered extreme and severe mental anguish and pain and have

10  been injured in mind and body. Plaintiffs also have been deprived of the life-long

11  love, companionship, comfort, support, society, care and sustenance of DECEDENT,

12  and will continue to be so deprived for the remainder of their natural lives.

13      92.    CITY is vicariously liable for the wrongful acts of Defendants D.

14  MOWER and DOES 1-10 pursuant to section 815.2(a) of the California Government

15  Code, which provides that a public entity is liable for the injuries caused by its

16  employees within the scope of the employment if the employee's act would subject

17  him or her to liability.

18      93.    The conduct of D. MOWER and DOES 1-10 was malicious, wanton,

19  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

20  and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

21  DECEDENT, to an award of exemplary and punitive damages.

22      94.    Plaintiffs bring this claim both individually and as successors-in-

23  interest to DECEDENT and seek both survival and wrongful death damages.

24                           **NINTH CAUSE OF ACTION**

25      **Negligence (Cal. Govt. Code § 820 and California Common Law)**

26                          **(Against All Defendants)**

27      95.    Plaintiffs repeat and reallege each and every prior paragraph of this

28  Complaint with the same force and effect as if fully set forth herein.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

96.     The actions and inactions of the Defendants were negligent, including but not limited to:

      a.     The failure to properly and adequately train employees, including D. MOWER and DOES 1-20, with regards to the use of force, restraint and the provision of emergency medical services;

      b.     The failure to properly and adequately assess the need to detain, arrest, and use force against DECEDENT;

      c.     The negligent tactics and handling of the situation with DECEDENT, including racial discrimination, unreasonable and improper restraint and the provision of medical services in violation of applicable standards of care;

      d.     The negligent detention, arrest, and use of force against DECEDENT;

      e.     The failure to provide and/or summon prompt medical care to DECEDENT; and

      f.     The failure to properly train and supervise employees, both professional and non-professional, including D. MOWER and DOES 1-20.

97.     Defendant CITY failed to properly hire, train, instruct, monitor, and supervise D. MOWER and other of its employees, including DOES 1-20, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

98.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

99.     CITY is vicariously liable for the wrongful acts of Defendants D. MOWER and DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  employees within the scope of the employment if the employee's act would subject

2  him or her to liability.

3        100.    The conduct of D. MOWER and DOES 1-20 was malicious, wanton,

4  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

5  and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

6  DECEDENT, to an award of exemplary and punitive damages.

7        101.    Plaintiffs bring this claim both individually and as successors-in-

8  interest to DECEDENT and seek both survival and wrongful death damages.

9                    **TENTH CAUSE OF ACTION**

10              **Violation of Bane Act (Cal. Civil Code § 52.1)**

11              **(Against Defendants D. MOWER and DOES 1-10)**

12        102.    Plaintiffs reallege each and every paragraph in this complaint as if fully

13  set forth here.

14        103.    California Civil Code section 52.1, et seq., also known as the Bane Act,

15  provides that any individual whose exercise or enjoyment of rights secured by the

16  Constitution or laws of the United States, or of rights secured by the Constitution or

17  laws of California, has been interfered with, or attempted to be interfered with, by a

18  person or persons, whether or not acting under color of law, may institute and

19  prosecute a civil action for damages, including, but not limited to, injunctive relief,

20  and other appropriate equitable relief to protect the peaceable exercise or enjoyment

21  of the right or rights secured, including appropriate equitable and declaratory relief

22  to eliminate a pattern or practice of conduct.

23        104.    The conduct of each Defendant in restraining DECEDENT in the prone

24  position, and in doing or failing to do the other wrongful acts herein alleged

25  including, but not limited to the failure to medically assess DEFENDANT when he

26  stopped moving and exhibited a drastically changed clinical presentation and the

27  failure to provide medical services in accord with the applicable standards of care,

28  was done for the purpose of interfering with and attempting to interfere with

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

19
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DECEDENT's rights under the Fourth and Fourteenth Amendments to be free from

2  unreasonable seizure and excessive force, and with Plaintiffs' rights to familial

3  associations under the First and Fourteenth Amendments, and for these reasons

4  violated Plaintiffs' rights under California Civil Code section 52.1(b).

5      105.   At no time did DECEDENT pose an immediate threat of death or

6  serious bodily injury and DECEDENT never verbally threatened anyone. There is

7  direct and circumstantial evidence that D. MOWER and DOES 1-10 intentionally

8  violated DECEDENT's rights under § 1983 by unlawfully detaining him, by

9  attempting to unlawfully arrest him, by unreasonably, unsafely and improperly

10  restraining him in the prone position, by failing to assess his medical condition and

11  by providing medical services in violation of applicable standards of care.

12      106.   Defendants D. MOWER and DOES 1-10, while working as police

13  officers, fire fighters, paramedics and/or emergency medical technicians for CITY,

14  and acting within the course and scope of their duties, intentionally deprived

15  DECEDENT of his freedom of movement by use of force, threats of force and

16  unreasonable duress. Defendants D. MOWER and DOES 1-10 unreasonably detained

17  DECEDENT in the prone position despite the known potential for respiratory arrest

18  and death from asphyxia or aspiration. Defendants D. MOWER and DOES 1-10 also

19  detained DECEDENT without reasonable suspicion. There was an attempt by D.

20  MOWER and DOES 1-10 to arrest DECEDENT without probable cause and, in fact,

21  without even suspicion of a crime. DECEDENT, an African-American male, was also

22  racially profiled by said Defendants.

23      107.   Plaintiffs are informed and believe and thereon allege that the

24  Defendants' wrongful acts were done knowingly and intentionally and for the

25  purpose of inflicting injury on DECEDENT.

26      108.   As a result, DECEDENT was caused to suffer extreme mental and

27  physical pain and suffering and eventually suffered a loss of life and of earning

28  capacity. Plaintiffs have also been deprived of the life-long love, companionship,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

20
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  comfort, support, society, care, and sustenance of DECEDENT, and will continue to

2  be so deprived for the remainder of their natural lives.

3      109.   The conduct of D. MOWER and DOES 1-20 was a substantial factor in

4  causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

5      110.   CITY is vicariously liable for the wrongful acts of Defendants D.

6  MOWER and DOES 1-20 pursuant to section 815.2(a) of the California Government

7  Code, which provides that a public entity is liable for the injuries caused by its

8  employees within the scope of the employment if the employee's act would subject

9  him or her to liability.

10     111.   The conduct of D. MOWER and DOES 1-20 was malicious, wanton,

11  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

12  and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

13  DECEDENT, to an award of exemplary and punitive damages.

14     112.   Plaintiffs bring this claim both individually and as successors-in-

15  interest to DECEDENT and seek both survival and wrongful death damages.

16     113.   Plaintiffs also seek the statutory civil penalties set forth in Civil Code

17  Section 52.1, attorney's fees and costs incurred herein.

18                    **ELEVENTH CAUSE OF ACTION**

19              **Violation of Ralph Act (Cal. Civil Code §51.7)**

20                      **(Against All Defendants)**

21     114.   Plaintiffs reallege each and every paragraph in this complaint as if fully

22  set forth here.

23     115.   California Civil Code section 51.7, also known as the Ralph Act,

24  provides all persons with the right to be free from any violence, or intimidation by

25  threat of violence, committed against their persons or property because of their race

26  or other protected, actionable characteristic, or because another person perceives

27  them to have one or more of those characteristics.

28     116.   California Civil Code section 52(b) provides that whoever denies the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

21
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   right provided in Civil Code section 51.7, or aids, incites, or conspires in that denial,

2   is liable for each and every offense for the actual damages suffered by any person

3   denied that right and, in addition, the following: (1) an amount to be determined by a

4   jury, or a court sitting without a jury, for exemplary damages; (2) a civil penalty of

5   twenty-five thousand dollars ($25,000) to be awarded to the person denied the right

6   provided by section 51.7 in any action brought by the person denied the right; and (3)

7   attorney's fees as may be determined by the court.

8      117.   Defendant CITY and its officials and employees committed violent acts

9   against DECEDENT, including but not limited to, handcuffing Mr. Payne in the

10   prone position and kneeling on his back.

11      118.   A substantial motivating reason for Defendants' conduct was their

12   perception of DECEDENT's race, color, or other protected, actionable characteristic.

13      119.   As a result, DECEDENT was caused to suffer extreme mental and

14   physical pain and suffering and eventually suffered a loss of life and of earning

15   capacity. DECEDENT and Plaintiffs have been deprived of life, liberty, civil rights,

16   family relations and equal protection under the law. Plaintiffs have also been

17   deprived of the life-long love, companionship, comfort, support, society, care, and

18   sustenance of DECEDENT, and will continue to be so deprived for the remainder of

19   their natural lives.

20      120.   The conduct of D. MOWER and DOES 1-20 was a substantial factor in

21   causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

22      121.   CITY is vicariously liable for the wrongful acts of Defendants D.

23   MOWER and DOES 1-20 pursuant to section 815.2(a) of the California Government

24   Code, which provides that a public entity is liable for the injuries caused by its

25   employees within the scope of the employment if the employee's act would subject

26   him or her to liability.

27      122.   The conduct of D. MOWER and DOES 1-20 was malicious, wanton,

28   oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

2 | DECEDENT, to an award of exemplary and punitive damages.

3 |     123.   Plaintiffs bring this claim both individually and as successors-in-

4 | interest to DECEDENT and seek both survival and wrongful death damages.

5 |     124.   Plaintiffs also seek the statutory civil penalties set forth in Civil Code

6 | Section 51.7, including actual damages in an amount to be proven at trial, a civil

7 | penalty of twenty-five thousand dollars ($25,000), and attorney's fees.

8 | **TWELFTH CAUSE OF ACTION**

9 | **Violation of Unruh Civil Rights Act (Cal. Civil Code §§ 51, 52)**

10 | **(Against All Defendants)**

11 |     125.   Plaintiffs reallege each and every paragraph in this complaint as if fully

12 | set forth here.

13 |     126.   Defendants denied, or aided or incited a denial of, DECEDENT's full

14 | and equal privileges and services. The conduct complained of herein constitutes

15 | unlawful racial discrimination against DECEDENT and Plaintiffs. A substantial

16 | motivating reason for Defendants' conduct was their perception of DECEDENT's and

17 | Plaintiffs' race, color, or other protected, actionable characteristic.

18 |     127.   As a result, DECEDENT was caused to suffer extreme mental and

19 | physical pain and suffering and eventually suffered a loss of life and of earning

20 | capacity. DECEDENT and Plaintiffs have been deprived of life, liberty, civil rights,

21 | family relations and equal protection under the law. Plaintiffs have also been

22 | deprived of the life-long love, companionship, comfort, support, society, care, and

23 | sustenance of DECEDENT, and will continue to be so deprived for the remainder of

24 | their natural lives.

25 |     128.   The culpable and unlawful conduct of D. MOWER and DOES 1-20 was a

26 | substantial factor in causing the harms, losses, injuries, and damages of DECEDENT

27 | and Plaintiffs.

28 |     129.   CITY is vicariously liable for the wrongful acts of Defendants D.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 MOWER and DOES 1-20 pursuant to section 815.2(a) of the California Government

2 Code, which provides that a public entity is liable for the injuries caused by its

3 employees within the scope of the employment if the employee's act would subject

4 him or her to liability.

5      130.   The conduct of D. MOWER and DOES 1-20 was malicious, wanton,

6 oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

7 and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

8 DECEDENT, to an award of exemplary and punitive damages.

9      131.   Plaintiffs bring this claim both individually and as successors-in-

10 interest to DECEDENT, and seek both survival and wrongful death damages.

11      132.   Plaintiffs also seek the statutory civil penalties set forth in Civil Code

12 Section 52 including, but not limited to, treble damages.

13 **THIRTEENTH CAUSE OF ACTION**

14 **Negligent Infliction of Emotional Distress (Cal. Govt. Code § 829)**

15 **(Against Defendants D. MOWER, DOES 1-10 and CITY)**

16      133.   Plaintiffs reallege each and every paragraph in this complaint as if fully

17 set forth here.

18      134.   D. MOWER and DOES 1-10 negligently caused physical injury and

19 death to DECEDENT.

20      135.   HARRIET JEFFERSON was present at the scene, which is her

21 residence, when D. MOWER and DOES 1-10 negligently caused physical injury and

22 death to DECEDENT, her son, and HARRIET JEFFERSON was aware that

23 DECEDENT was being injured.

24      136.   RUFUS JEFFERSON was present at the scene, which is his residence,

25 when D. MOWER and DOES 1-10 negligently caused physical injury and death to

26 DECEDENT, his son, and RUFUS JEFFERSON was aware that DECEDENT was

27 being injured.

28      137.   As a result of being present at the scene and perceiving her son,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

24

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DECEDENT, being restrained while unresponsive and unconscious, HARRIET

2  JEFFERSON suffered serious emotional distress, including but not limited to,

3  anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and

4  shame.

5       138.   As a result of being present at the scene and perceiving his son,

6  DECEDENT, being restrained while unresponsive and unconscious, RUFUS

7  JEFFERSON suffered serious emotional distress, including but not limited to,

8  anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and

9  shame.

10       139.   On information and belief, any ordinary reasonable person would be

11  unable to cope with seeing their son restrained and treated in the manner in which

12  D. MOWER and DOES 1-10 with respect to DECEDENT, particularly at their own

13  residence and in response to a call for help to 911.

14       140.   CITY is vicariously liable for the wrongful acts of Defendants D.

15  MOWER and DOES 1-20 pursuant to section 815.2(a) of the California Government

16  Code, which provides that a public entity is liable for the injuries caused by its

17  employees within the scope of the employment if the employee's act would subject

18  him or her to liability.

19       141.   HARRIET JEFFERSON and RUFUS JEFFERSON bring this claim

20  individually and seek damages under this claim as individuals.

21                         **PRAYER FOR RELIEF**

22       WHEREFORE, Plaintiffs pray for request entry of judgment in their favor and

23  against Defendants CITY, D. MOWER and DOES 1-20, inclusive, as follows:

24       1.   Issue a declaratory judgment that Defendants' conduct as complained of

25  herein was a violation of DECEDENT's and Plaintiffs' rights under the United States

26  and California Constitutions and the laws of the United States and California;

27       2.   Issue an injunction ordering Defendant CITY to establish effective

28  preventative mechanisms to ensure that improper restraints are not used in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  emergency medical situations in the future, including, but not limited to the

2  following:

3         a.     Requiring that all police officers, fire fighters, paramedics and

4  emergency medical technicians participate in regular and recurring training to

5  assure that they do not use excessive force in restraining citizens in medical

6  emergencies and do not unreasonably restrain patients in the prone position;

7         b.     Requiring that all paramedics and emergency medical technicians

8  participate in regular and recurring training to assure that they adequately assess

9  changed clinical presentations while responding to medical emergencies and provide

10  emergency medical services in accordance with applicable standards of care;

11         c.     Requiring that all police officers, fire fighters, paramedics and

12  emergency medical technicians participate in regular and recurring training to

13  assure that they do not act due to bias based on race or ethnicity; and

14         d.     Establishing a mechanism for internal discipline of officers who

15  are found to have engaged in racial discrimination;

16      3.    Award compensatory and general damages against Defendants and each

17  of them, for Plaintiffs in an amount to be determined according to proof;

18      4.    Award treble damages pursuant to California Civil Code § 52(a) against

19  Defendants and each of them, for Plaintiffs in an amount to be determined according

20  to proof;

21      5.    Award exemplary and punitive damages against all Defendants sued in

22  their individual capacities in an amount to be proven at trial;

23      6.    Award Plaintiffs their costs, expenses and reasonable attorney fees

24  pursuant to 42 U.S.C. § 1988, California Civil Codes §§ 52(b) and 52.1(h) and

25  California Code of Civil Procedure § 1021.5; and

26  / / / /

27  / / / /

28  / / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

26
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7.    Grant such other and further relief as the Court may deem just and proper.

Dated: November 25, 2020          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
KHALDOUN A. BAGHDADI
JOSEPH NICHOLSON
Attorneys for Plaintiffs
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF
REGINALD DAMONE PAYNE, HARRIETT
JEFFERSON, AND RUFUS JEFFERSON

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs demand trial by jury for all the issues plead herein so triable.

Dated: November 25, 2020          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
KHALDOUN A. BAGHDADI
JOSEPH NICHOLSON
Attorneys for Plaintiffs
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF
REGINALD DAMONE PAYNE, HARRIETT
JEFFERSON, AND RUFUS JEFFERSON

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF