**WALKUP, MELODIA, KELLY & SCHOENBERGER**
*Law Offices of*
*A Professional Corporation*

650 California Street, 26th Floor
San Francisco, California 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF REGINALD
DAMONE PAYNE, HARRIETT JEFFERSON, AND
RUFUS JEFFERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| REGINALD RAFE NICHOLAS PAYNE, individually and as Successor-In-Interest to THE ESTATE OF REGINALD DAMONE PAYNE, HARRIETT JEFFERSON, and RUFUS JEFFERSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO; D. MOWER; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.  2:20-cv-02364-TLN-JDP<br><br>**STIPULATION AND ORDER TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER TO EXTEND FACT DISCOVERY**<br><br><br>**Assigned to the Hon. Troy L. Nunley**<br><br>Trial Date:         Unassigned |

PLAINTIFFS REGINALD RAFE NICHOLAS PAYNE, HARRIET JEFFERSON and RUFUS JEFFERSON ("Plaintiffs") and CITY OF SACRAMENTO and D. MOWER ("Defendants"), by and through their undersigned counsel, and having met and conferred, believe good cause exists and therefore hereby request a modification of the Initial Pretrial Scheduling Order ("Order") to extend the deadline for completion of fact discovery by 60 days to October 26, and, to that end, stipulate as follows:

1

STIPULATION AND ORDER TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER TO EXTEND FACT DISCOVERY - CASE NO. 2:20-cv-02364-TLN-JDP

1.   As alleged in the Complaint, this action arises from the death of Reginald D. Payne following an encounter with Sacramento Fire Department and Sacramento Police Department personnel on February 2, 2020.

2.   Plaintiffs previously noticed the depositions of five percipient witnesses who are current and/or former employees of the Sacramento Fire Department that were each involved in the treatment of decedent Reginald Payne. Depositions of these five percipient witnesses were originally scheduled to take place in June of 2021. Counsel for the City does not represent these five percipient witnesses.

3.   On June 3, 2021, counsel for defendants City and Mower notified plaintiffs' counsel the depositions of these five percipient witnesses could not proceed as noticed because all five of these City employees had been placed on administrative leave by the City.

4.   In late June of 2021, the City's attorney was advised that one of the five City employees whose depositions were previously noticed by plaintiffs had been terminated from his employment with the City and that the other four employees were suspended from City employment.

5.   Plaintiffs' attorneys issued amended notices for the depositions of these five Sacramento Fire Department employees to occur during the week of August 23, the final week before the close of fact discovery.

6.   On or about August 18, 2021, the City's counsel was advised by each of the five present and former City employees they would not be attending their depositions noticed the week of August 23, 2021. The City's counsel was also advised at this time that the five City employees were each in contact with counsel that represents the SFD firefighters' union regarding the issue of their depositions. Union counsel for the five firefighters has reached out to counsel for the City and requested to be involved in any discussions, preparation, or scheduling relating to depositions of the five SFD employees.

7.   Counsel for the City and plaintiffs met and conferred by phone on

1  August 19, 2021 at which time plaintiffs were notified the depositions could not go
2  forward the week of August 23, 2021 based on the refusal of the five firefighters to
3  appear for their depositions as scheduled the week of August 23, 2021.

4      8.     The inability to depose these five witnesses and other City witnesses
5  prior to the discovery cut-off is prejudicial to plaintiffs and contrary to the interests of
6  justice.

7      9.     Defendants do not anticipate filing any dispositive motions. Accordingly,
8  an extension of fact discovery by 60 days would not delay trial readiness any more
9  than would be permitted under the Order if a dispositive motion were filed.

10     10.     Additional deposition discovery remains outstanding and the parties
11 believe all such discovery can be completed with the requested 60-day extension

12     11.     Therefore, the parties stipulate that good cause exists to extend fact
13 discovery by 60 days, to October 26, 2021, and that the deadlines for expert discovery
14 and trial readiness be continued accordingly.

15     12.     The parties are willing and able to appear at a telephonic or virtual
16 hearing to address any questions about the need for submitting this request, and the
17 good cause basis for doing so.

19 Dated: August 23, 2021         WALKUP, MELODIA, KELLY & SCHOENBERGER

By:    */s/ Khaldoun A. Baghdadi*
     KHALDOUN A. BAGHDADI
     JOSEPH NICHOLSON

Attorneys for Plaintiffs
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF
REGINALD DAMONE PAYNE, HARRIETT
JEFFERSON, AND RUFUS JEFFERSON

1  Dated: August 23, 2021                SUSANA ALCALA WOOD,
2                                        CITY ATTORNEY
3
4                                  By:   */s/ Chance L. Trimm*
                                         CHANCE L. TRIMM
5                                        Senior Deputy City Attorney
6
                                         Attorneys for Defendants
7                                        CITY OF SACRAMENTO and
                                         D. MOWER
8
9  **IT IS SO ORDERED.**
10
11 DATED: August 23, 2021

12                                       Troy L. Nunley
                                         United States District Judge